**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

GEORGE L. KUSAJ,

Plaintiff,

v. Case No. 2:26-cv-1365-SPC-KRH

LISA S. PORTER, JOHN BURNS, and STATE OF FLORIDA (TWENTIETH JUDICIAL CIRCUIT),

Defendants.

_____________________________/

**Order**

Before the Court are three Motions: (1) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") (Doc. 2), which the Court construes as a motion to proceed in forma pauperis ("IFP"); (2) Plaintiff's Motion for Service by United States Marshals Service ("Service Motion") (Doc. 6); and (3) Plaintiff's Motion for Leave to File Electronically ("E-File Motion") (Doc. 7). All Motions are denied.

## 1. IFP Motion

Under the IFP statute, a court may authorize the commencement of an action without requiring that plaintiff prepay fees or post security after finding indigency. 28 U.S.C. § 1915(a)(1). "When considering a motion filed pursuant to § 1915(a), the only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citation omitted). "An

affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)). "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* (citation omitted).

"A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (citation omitted). To that end, in evaluating whether a litigant is indigent, a court will generally look to whether the litigant is employed, the litigant's annual salary, the litigant's other sources of income, property, or assets the litigant may own. *Cassamajor v. Fitness*, No. 8:25-cv-102-TPB-CPT, 2026 U.S. Dist. LEXIS 170755, at *3 (M.D. Fla. July 30, 2026), *R&R adopted by* 2026 LX 458249 (M.D. Fla. Sep. 2, 2026) (citation omitted). Still, "a trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915." *Martinez*, 364 F.3d at 1306 (citation omitted).

The Court's inquiry is brief. Plaintiff asserts—without explanation—that his income is $0. (Doc. 2 at 1). He also claims to have $0 is cash or financial accounts. (Doc. 2 at 2). And Plaintiff says that he has no assets, expenses, debts, or obligations. (Doc. 2 at 2). Every answer on Plaintiff's short-form IFP Motion says

"$0" or "N/A." (Doc. 2 at 1-2). At bottom, he provides the Court with no information apart from the difficult-to-believe representations that Plaintiff has a net financial condition of absolute zero.

Against this brief backdrop, the IFP Motion fails to provide enough information to determine whether Plaintiff qualifies as a pauper. *See, e.g.*, *Anderson v. Tate*, No. 1:24-CV-02358-WMR-JEM, 2024 WL 6978548, at *2 (N.D. Ga. June 4, 2024); *Johnson v. Facebook*, No. 1:23-CV-155 (LAG), 2023 WL 12239566, at *1-2 (M.D. Ga. Oct. 11, 2023); *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346-47 (S.D. Ga. 2013). Without this information, the Court cannot assess whether Plaintiff can allocate funds to pay the Court's filing fee. *See, e.g.*, *Van Ryn v. SSA*, No. 19-cv-60379-BLOOM/Valle, 2019 WL 13398216, at *1-2 (S.D. Fla. Feb. 12, 2019); *Shaik v. TokMedia Enters. LLC*, No. 25-CV-20985-RAR, 2025 WL 740852, at *1-2 (S.D. Fla. Mar. 8, 2025).

So the IFP Motion is denied without prejudice. The Court will allow Plaintiff one opportunity to fix his application. By October 30, 2026, he must file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form AO-239) and include his signature in the affidavit section. Plaintiff must complete the form in its entirety; blank sections will preclude an assessment of financial eligibility. *Howard v. Seminole Cnty. Clerk of Ct.*, No. 6:24-cv-2179-CEM-UAM, 2025 WL 2147079, at *1 (M.D. Fla. June 2, 2025).

At this time, the Court's analysis is limited only to the IFP Motion on Plaintiff's ability to pay—without any comment on the Complaint's sufficiency or

insufficiency (Doc. 1).[1] That said, Plaintiff is warned that even if he pays the filing fee for this action or files a renewed IFP motion, the Court still maintains an inherent power to dismiss the Complaint (Doc. 1) if the Court finds that an amendment would be futile. *Vega v. Kahle*, No. 23-12065, 2025 U.S. App. LEXIS 32318, at *13-14 (11th Cir. Dec. 10, 2025) (citation omitted) (affirming sua sponte dismissal without "notice to [plaintiff] of [court's] intention to do so or giving [him] an opportunity to amend" and before service after court "deemed his complaint frivolous and concluded that any amendment . . . would be futile").

**2. Service Motion**

In conjunction with IFP, Plaintiff seeks service by the U.S. Marshals under Rule 4(c)(3). Because the Court is denying IFP without prejudice, the issue of service by the Marshal is premature. Court-directed service under § 1915(d) and Rule 4(c)(3) comes only after the Court grants leave to proceed IFP and screens the complaint under § 1915(e). So the Service Motion is denied without prejudice. If necessary, the Court will address service later.

**3. E-File Motion**

Plaintiff seeks CM/ECF access for filing. (Doc. 7). "Pro se litigants are generally denied access to electronic filing unless extenuating circumstances exist

[1] *E.g.*, *Dempsey v. United States*, No. 8:26-cv-260-KKM-SPF, 2026 U.S. Dist. LEXIS 82547 (M.D. Fla. Mar. 23, 2026) (evaluating only the litigant's pauper status first), *R&R adopted by* 2026 LX 170168 (M.D. Fla. Apr. 14, 2026); *Tucker v. Cme Lending Grp.*, LLC, No. 8:25-cv-1332-WFJ-SPF, 2025 U.S. Dist. LEXIS 283284 (M.D. Fla. Aug. 21, 2025) (same); *Elwell v. Comm'r of Soc. Sec.*, No. 6:19-cv-2277-Orl-22EJK, 2019 U.S. Dist. LEXIS 242540 (M.D. Fla. Dec. 19, 2019) (same); *Bello v. Shieldpoint, LLC*, No. 8:22-cv-2903-WFJ-JSS, 2022 U.S. Dist. LEXIS 256904 (M.D. Fla. Dec. 23, 2022) (same).

to justify waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692-FtM-29, 2014 WL 169848, *4 (M.D. Fla. Jan. 15, 2014); *see McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011). Plaintiff asserts that "electronic filing access will promote efficiency and reduce delays." (Doc. 7 at 1). This is the same boilerplate reason every pro se party could say, though. *Gerow v. Blackwell*, No. 8:24-cv-02280-KKM-NHA, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024). "If these burdens were enough to justify CM/ECF access, the exception would swallow the rule." *Id.*

On these facts, the E-File Motion does not show good cause or extenuating circumstances to justify allowing CM/ECF access. So the E-File Motion is denied.

That said, Plaintiff may choose to receive electronic email notifications of case filings and events. The electronic notifications will provide instant notice when a paper gets filed on the docket with one free review of the filing. To be sure, "the Court in its discretion may grant a pro se party permission to receive electronic notifications." *Kish v. Sch. Bd. of Citrus Cnty.*, No. 5:25-cv-678-WWB-PRL, 2026 U.S. Dist. LEXIS 20517, *6 (M.D. Fla. Feb. 2, 2026) (cleaned up) (granting a pro se litigant authority to receive electronic notification of filings via email); *see also* Admin. Proc. for Elec. Filing § B (Nov. 18, 2025) for the United States District Court, Middle District of Florida (providing judges with discretion to authorize CM/ECF access for pro se litigants). Such relief is permissible for a Court to grant if the pro se litigant consents in writing. *See* Fed. R. Civ. P. 5(b)(2)(E) (discussing electronic service of legal documents after the initial complaint). So, if Plaintiff

wishes to consent to receive Notices of Electronic Filings, Plaintiff may do so by completing the form on the Court's website: www.flmd.uscourts.gov/litigants-without-lawyers.

**ORDERED:**

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **DENIED without prejudice**.

   a. On or before **October 30, 2026**, Plaintiff must pay the $405 filing fee to continue this action or file a renewed long-form application to proceed in this court without prepaying fees or costs. Any such renewed application must address the inconsistencies and issues discussed above.

   b. The Clerk is **DIRECTED** to **MAIL** Plaintiff a blank Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form AO-239).

   c. **Failure to pay the filing fee or file a renewed IFP motion timely will result in dismissal of this action without prejudice and without further notice. M.D. Fla. Local R. 3.10.**

2. Plaintiff's Motion for Service by United States Marshals Service (Doc. 6) is **DENIED without prejudice**.

3. Plaintiff's Motion for Leave to File Electronically (Doc. 7) is **DENIED**.

In Fort Myers, Florida, on October 8, 2026.

Kevin R. Huguelet
United States Magistrate Judge